IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| JOEL LEE QUENTIN SCOTT<br>75935-066 | NO. 17-151-1 |

**MEMORANDUM**

**Joyner, J.**                                              **June 21, 2021**

## Introduction

The defendant, Joel Lee Quentin Scott, moves for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). He has met the procedural requirements of the statute. We deny Mr. Scott's Motion because his family circumstances and risk of contracting COVID-19 in FCI Cumberland do not rise to the level of extraordinary and compelling to warrant release, the 18 U.S.C. § 3553(a) factors weigh against release, and he presents a danger to the community. See United States v. Doe, 833 Fed. Appx. 366, 367 (3rd Cir. Pa., Oct. 29, 2020)(per curiam) (affirming the district court appropriately considered whether the risk of contracting COVID-19 was an extraordinary and compelling circumstance, the § 3553(a) sentencing factors, and whether the defendant presented a danger to the community when denying compassionate release).

## Factual Background

On October 17, 2017, Mr. Scott pled guilty pursuant to a plea agreement to one count of armed bank robbery and one count of brandishing a firearm during and in relation to the commission of a bank robbery. Government's Resp., Doc. No. 145, at 2-3. Mr. Scott's convictions stem from a bank robbery committed by himself and a co-defendant in broad daylight. Id. at 1. Mr. Scott shouted and pointed his gun at a bank teller's head while demanding she hand him all of her money. Id. at 2. He was sentenced to 114 months' imprisonment with five years of supervised release, a fine of $1,800, and a $200 special assessment. Id. at 3.

Mr. Scott submitted a request for compassionate release to the warden at FCI Cumberland on January 10, 2021. Id. On February 10, 2021, he filed the instant motion pro se and the government responded in opposition. Id. at 4.

**Procedural Requirements Are Satisfied**

Mr. Scott has fully exhausted his administrative remedies. He submitted his request to the warden on January 10, 2021, and did not receive a response. Id. at 3. On February 10, 2021, over 30 days after the warden failed to respond, Mr. Scott filed the instant motion to the Court. Def.'s Mot., Doc. No. 140, at 1-2. The government concedes that the warden denied Mr. Scott's request. Government's Resp., Doc. No. 145, at 3. Therefore, we

find that Mr. Scott has met the procedural requirements under § 3582(c).

## **Extraordinary and Compelling Reasons**

Mr. Scott asserts his family circumstances and the conditions at FCI Cumberland are two extraordinary and compelling reasons for release.

First, Mr. Scott asks the Court to reduce his sentence so he can be released to care for his ailing father. Def.'s Mot., Doc. No. 140, at 2. Courts in this district "have yet to find care for elderly or ill parents rises to the level of extraordinary and compelling circumstance warranting release." United States v. Thomas, No. 15-00121-3, 2021 U.S. Dist. LEXIS 3579, at *9-10 (E.D. Pa. Jan. 8, 2021) (citing United States v. Moore, No. 14-209-2, 2020 U.S. Dist. LEXIS 222450, at *11 (E.D. Pa. Nov. 30, 2020)); see United States v. Everett, No. 2:12-cr-162, 2021 U.S. Dist. LEXIS 18320, at *2 (W.D. Pa. Feb. 1, 2021) (reasoning that in the context of compassionate release, caring for ill or elderly parents is not a family circumstance justifying compassionate release). Moreover, caring for an elderly or ill parent is not included as an extraordinary and compelling family circumstance under the Sentencing Commission's policy statements. 18 USCS Appx § 1B1.13 Note 1(C). Additionally, courts routinely deny compassionate release where "the defendant cannot show that they would be the only available

3

caregiver." United States v. Georgiou, No. 09-088, 2021 U.S. Dist. LEXIS 55245, at *19 (E.D. Pa. Mar. 23, 2021)(citing United States v. Cruz-Rivera, No. 11-cr-42, 2020 U.S. Dist. LEXIS 187734, at *5 (E.D. Pa. Oct. 9, 2020)); see Moore, No. 14-209-2, 2020 U.S. Dist. LEXIS 222450, at *12 (reasoning other courts deny compassionate release "premised on sick or elderly parents in the absence of strong evidence the petitioner is the sole individual capable of caring for the parent").

Here, Mr. Scott fails to provide sufficient information justifying release as his father's caregiver. While it is understandable and admirable that Mr. Scott desires to care for his ailing father, he does not sufficiently explain why his father requires a caregiver, or why he is now the sole caregiver for his father after four years of incarceration. Government's Resp., Doc. No. 145, at 15; see United States v. Siberio-Rivera, No. 17-00320-6, 2020 U.S. Dist. LEXIS 235144, at *3 (E.D. Pa. Dec. 15, 2020) (reasoning a defendant did not meet his burden of showing extraordinary and compelling reasons because "he provides no information regarding his parents or their condition in his two-page Motion other than that they are 'seriously ill'"). It is also unclear whether Mr. Scott's mother is unable or unwilling to care for his father. Id.; see Moore, No. 14-209-2, 2020 U.S. Dist. LEXIS 222450, at *13 (reasoning the defendant did not demonstrate that he is the only available caregiver for

his mother when his adult sister lives with his mother and his cousin lives nearby). Therefore, Mr. Scott's desire to care for his father does not meet the threshold of extraordinary and compelling to warrant release.

Second, Mr. Scott asserts the conditions at FCI Cumberland and unreasonable exposure to COVID-19 are extraordinary and compelling reasons for release. The Third Circuit has held "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Likewise, the risk of contracting COVID-19 within a correctional facility is not itself extraordinary because other inmates face the same risk. See United States v. Babbitt, No. 18-384, 2020 U.S. Dist. LEXIS 195976, at *12 (E.D. Pa. Oct. 21, 2020) ("the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk"). Courts look at the circumstances of the pandemic, the defendant's medical conditions, age, and risk of contracting COVID-19 within the correctional facility to determine if an extraordinary and compelling reason exists in a defendant's individual case. Id. at *11-12. "None of these reasons alone is an extraordinary or compelling reason." Id. at *12.

Here, Mr. Scott did not assert how he individually is at risk in a way that presents extraordinary and compelling reasons for release. He did not assert any medical conditions as grounds for release, such as a condition identified by the CDC as a risk factor if infected with COVID-19. See United States v. Cabrera, No. 18-304-01 2021 U.S. Dist. LEXIS 21833, at *10 (E.D. Pa. Feb. 4, 2021) (denying compassionate release for a twenty-four-year-old defendant because he did not present any medical conditions considered "high risk" by the CDC). Moreover, he is twenty-six years old and appears to be in good health. Government's Resp., Doc. No. 145, at 4; see United States v. Bautista, No. 19-24-1, 2021 U.S. Dist. LEXIS 66405, at *11 (E.D. Pa. Apr. 6, 2021) (denying compassionate release for a twenty-seven-year-old defendant because he "does not face increased risk on account of his age . . . [and] does not have medical conditions placing him at a uniquely high risk of grave illness or death" to present extraordinary and compelling reasons for release). Additionally, Mr. Scott's medical records indicate he had no reported symptoms after testing positive for COVID-19 on January 20, 2021. Government's Resp., Doc. No. 145, at 4. Therefore, Mr. Scott's risk of exposure to COVID-19 on account of the conditions within FCI Cumberland does not rise to the level of extraordinary and compelling to grant his release.

In sum, Mr. Scott does not present extraordinary and compelling reasons for release because he did not provide sufficient information for the Court to find caring for his father warrants compassionate release and he did not assert an individual risk of contracting COVID-19 that is extraordinary and compelling.

**18 U.S.C. § 3553(a) Sentencing Factors and Danger to the Community**

Even if Mr. Scott successfully presented extraordinary and compelling reasons for release, the § 3553(a) sentencing factors weigh against his release and he presents a danger to the community.

18 U.S.C. § 3582(c) requires a court to consider the factors under § 3553(a) "to the extent they are applicable." The applicable factors include (1) the nature and circumstances of the offense and the history and the characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the public from further crimes of the defendant; and (D) to provide rehabilitation. 18 U.S.C. § 3553(a). After considering the factors in § 3553(a), the court can look to the Sentencing Commission's Policy statement U.S.S.G. § 1B1.13(2) for helpful guidance to determine

if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020); United States v. Griffin, No. 07-374-02, U.S. Dist. LEXIS 88562, at *12 (E.D. Pa. May 7, 2021) (denying compassionate release because under § 3142(g) the defendant presented a danger to the community if released and the § 3553(a) factors weighed against release). The factors under § 3142(g) include (1) the nature and circumstances of the offense charged (2) the weight of evidence (3) the history and characteristics of the defendant and (4) the danger to the community posed by the defendant's release. See Rodriguez, 451 F. Supp. 3d at 406.

Here, compassionate release would be inappropriate considering the nature of Mr. Scott's offenses and the amount of his sentence remaining. Mr. Scott's 114-month sentence appropriately reflects the serious and violent nature of committing an armed bank robbery while shouting and pointing a firearm at a bank employee. Government's Resp., Doc. No. 145, at 17; see Griffin, No. 07-374-02, 2021 U.S. Dist. LEXIS 88562, at *12 (reasoning a pro se defendant presents a danger to the community because armed bank robbery is a serious and dangerous offense). Mr. Scott has served half of his sentence with an anticipated release date of March 25, 2025. Government's Resp.,

Doc. No. 145, at 3, 17. Reducing his sentence to time served would not reflect the seriousness of his offenses, promote respect for the law, and provide just punishment. See United States v. Stratton, No. 05-6802, 2021 U.S. Dist. LEXIS 841 (E.D. Pa. Jan. 5, 2021) (reasoning the nature and circumstances of a defendant's actions and the seriousness of his offenses when committing a bank robbery weigh against release); see also United States v. Abreu, No. 5:16-cr-00233, 2021 U.S. Dist. LEXIS 89496, at *19 (E.D. Pa. May 11, 2021) (reasoning that releasing a defendant who has served less than half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment). Moreover, this Court denied compassionate release for a co-defendant in the same bank robbery who presented materially identical circumstances when requesting compassionate release for time served. Government's Resp., Doc. No. 145, at 17. Considering that he only served half of his sentence and that his co-defendant was denied compassionate release for materially identical circumstances, sentencing factors weigh against compassionate release.

Mr. Scott also fails to demonstrate that he no longer is a danger to the community if released. As previously explained, the nature of his participation in the bank robbery was serious and violent. See Moore, No. 14-209-2, 2020 U.S. Dist. LEXIS 222450, at *17 (reasoning a defendant presented a danger to the

community because he orchestrated and participated in two bank robberies). Mr. Scott also committed three minor disciplinary infractions while incarcerated, which further indicates he still presents a danger to the community. Government's Resp., Doc. No. 145, at 3; See United States v. Jackson, No. 93-127, 2021 U.S. Dist. LEXIS 94006, at *7–8 (E.D. Pa. May 18, 2021) (reasoning the defendant's criminal history and disciplinary infractions while incarcerated are applicable to consider whether the defendant presents a danger to the community if released from his halfway house). Considering the nature of his offenses and his disciplinary infractions while incarcerated, Mr. Scott presents a danger to the community.

Therefore, we find the § 3553(a) sentencing factors and the danger Mr. Scott presents to the community weigh against release.

### Request for Home Confinement

Mr. Scott filed the instant motion for compassionate release requesting the Court reduce his sentence to time served with a court-imposed condition of home confinement. Def.'s Mot., Doc. No. 140, at 5. We have evaluated this Motion as a request for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). To the extent that Mr. Scott intended to move for this Court to impose home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, the motion must also be denied.

The BOP has the sole authority to determine which inmates are moved into home confinement during the COVID pandemic. CARES Act § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (2020). Courts do not have jurisdiction to grant a defendant's request for home confinement and do not have judicial review over the BOP's decisions regarding home confinement. See e.g., United States v. Ramirez-Ortega, No. 11-251-07, 2020 LEXIS 148629, at *8-9 (E.D. Pa. Aug. 18, 2020) (dismissing a defendant's request for home confinement for lack of jurisdiction under the CARES Act); United States v. Mansaray, No. 13-236, 2020 LEXIS 101298, at *6 (E.D. Pa. June 10, 2020)("Congress did not provide the Courts with the authority to review the BOP Director's decisions whether to release inmates to home confinement at an earlier time under the CARES Act"). Therefore, we do not have jurisdiction to decide Mr. Scott's request to be released on home confinement.

### **Request for a Hearing**

Mr. Scott also requests we hold a hearing to consider his release. Def.'s Mot., Doc. No. 140, at 5. An inmate does not have a right to a hearing when requesting compassionate release. Under Fed. R. of Crim. P. 43(b)(4) an inmate does not need to be present when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). See Dillon v. United States, 560 U.S. 817, 827-28 (2010); United States v. Somerville, 463 F. Supp. 3d

585, 601 (W.D. Pa. 2020) (citing Fed. R. Crim. P. 43 to find a sentencing hearing is not required for a defendant requesting sentence reduction under 18 U.S.C. § 3582(c)). Mr. Scott and the government have already submitted to the Court sufficient information on which to decide the Motion. Therefore, we deny Mr. Scott's request for a hearing.

## **Conclusion**

We deny Mr. Scott's motion for compassionate release without prejudice because he does not present sufficient information to establish extraordinary and compelling reasons for release, the § 3553(a) factors weigh against his release, and he presents a danger to the community. An Order follows.